Brown, J.
delivered the opinion of the Court.
Where there is a defective bond given for appeal from the County to the Circuit Court, and the parties all elect to consider the appeal as properly taken, and proceed with the cause to a trial in the Circuit Court, and the appellant does receive the benefit of his appeal; in this case the appellee having given the appellant the trial which he sought, and elected to consider the appeal as well taken, and the bond given as good pro tanto, the Circuit Court may give judgment against the principal and his securities, to the extent of the bond, and against the appellant alone for the residue. This upon the authority of the case of Lattig v. Coalter, et al., determined at the last term of this Court, which the Court will not overrule on a question of practice, and because much inconvenience would ensue from a change of the rules of practice, though if it were considered open, a majority of the Court would entertain great doubt of its correctness.
But if the appellee choose to consider that the appeal is not properly taken, and move the Court to dismiss it, and says that the bond is defective and not such a bond as properly brings up the. case, and that the Court ought, therefore, to dismiss the appeal; in this case a majority of the Court are of opinion that the Court should simply dismiss the appeal from its docket, award a procedendo to the County Court, and give judgment against the appellant for costs accruing in the Circuit Court.
The Court is also of opinion that if the appellee intend to dismiss an appeal not regularly brought up, that he should make such motion at the first term of the Circuit Court at which the cause stands on the docket, and that if his motion is not made at that term, it shall be considered as an *233 election in favor of the appeal, and his objection shall not afterwards be heard.
We cannot perceive any power which the Circuit Court possesses to give judgment against the appellant for debt, damages, or twelve .and a half per cent upon dismissing an appeal, except in those cases where the Legislature has expressly conferred such power; the Act of 1817, ch. 119, § 2, does not apply to a case where the appeal is dismissed for want of a good bond. If the appellee choose to have the twelve and a half per cent, he can do so by permitting the cause to remain in the Superior Court until there shall be an affirmance of the judgment below, in which case he would be entitled to the benefit of the twelve and a half per cent and also of the appeal bond so far as it shall extend.